UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARNELL D. VAUGHN,<br><br>         Plaintiff,<br><br>-against-<br><br>METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY,<br><br>         Defendants. | 22-CV-3221-LTS-SDA |
| PARNELL D. VAUGHN,<br><br>         Plaintiff,<br><br>-against-<br><br>MTA NEW YORK CITY TRANSIT AUTHORITY, and TRANSPORTATION WORKERS UNION LOCAL 100,<br><br>         Defendants. | 23-CV-8121-LTS-SDA |

<u>MEMORANDUM ORDER</u>

    Plaintiff Parnell Vaughn ("Plaintiff" or "Vaughn") brings these related <u>pro se</u> actions.[1]  In June 2022, Plaintiff filed an Amended Complaint in the first-captioned action, No. 22-CV-3221 ("<u>Vaughn I</u>"), which asserted various claims against Defendants Metropolitan Transit Authority ("MTA"), New York City Transit Authority ("NYCTA") and the Manhattan and Bronx Surface Transit Operating Authority ("MBSTOA").  (Docket entry no. 16.)  The Court liberally construed Plaintiff's Amended Complaint as asserting claims (1) for wage and overtime violations of the FLSA, 29 U.S.C §202(a), (2) for retaliation under the FLSA, 29 U.S.C.

---

[1]   Except where otherwise noted, all docket entries refer to entries in No. 22-CV-3221-LTS-SDA (filed Apr. 20, 2022).

§ 215(a)(3), and (3) a hybrid claim under the Labor Management Relations Act, 29 U.S.C. § 152 et seq. On March 27, 2023, this Court issued an order dismissing the Amended Complaint and granted Plaintiff leave to amend Count Two (FLSA retaliation) only. (Docket entry no. 20.) Plaintiff subsequently filed a motion for reconsideration, requesting leave to amend all counts of the Amended Complaint. (See docket entry no. 21.) In June 2023, Plaintiff received a notice of right to sue letter from the EEOC, which informed him that he had 90 days to file suit for claims under the Americans with Disabilities Act ("ADA"). (See docket entry no. 35.) Plaintiff subsequently filed the complaint in the second-captioned action, No. 23-CV-8121 ("Vaughn II") to preserve his claims arising under the ADA. (See Vaughn II, docket entry no. 1.) Plaintiff's Vaughn II Complaint seems to assert additional claims against the MTA and NYCTA as well as claims against a new Defendant, Transportation Workers Union Local 100, arising under the ADA, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), Title VII of the Civil Rights Act of 1964, and New York State Public Employees' Fair Employment Act. (Id.) Plaintiff does not re-assert his claims arising under the FLSA or against MBSTOA.

Treatment of Vaughn II Complaint as Third Amended Complaint in Vaughn I

The parties are hereby notified that the Court intends to grant the Plaintiff's Motion for Reconsideration in Vaughn I, permitting him to replead his original claims, if he so wishes, **and** by considering the new complaint filed in Vaughn II as the Second Amended Complaint in the original action, Vaughn I. The Vaughn II complaint, will now be treated as the Second Amended Complaint in Vaughn I (see docket entry no. 36 in No. 22-CV-3221), and will completely replace the Amended Complaint in that action, the case will proceed only on the

claims contained in the pleading treated as the Second Amended Complaint, and the Court will close Vaughn II, case No. 23-CV-8121.

Leave to File Further Amended Complaint in Vaughn I

If Plaintiff does not want to proceed only on the claims pleaded in that Second Amended Complaint, he may file a Third Amended Complaint in Vaughn I (his original case, No. 22-CV-3221) by **November 17, 2023**.  Any such Third Amended Complaint must deal only with the claims arising from the events that are described in his earlier pleadings, and it will replace all of his prior pleadings.  In that Third Amended Complaint, Plaintiff must first name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3]  The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should

---

[2] An Amended Complaint form will be provided to Plaintiff with this Memorandum Order. The caption is located on the front page of the complaint form.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2023, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the preceding complaints, any facts or claims that Plaintiff wants to include from the preceding complaints must be repeated in this amended complaint.

CONCLUSION

Plaintiff's Motion for Reconsideration filed in Vaughn I, No. 22-CV-3221, is granted. He may replead any claims arising from the events described in the pleadings in the actions captioned above.

The Complaint filed in the second-captioned action above (No 23-CV-8121) will be treated as the Second Amended Complaint in the first-captioned action above (No. 22-CV-3221). Because Plaintiffs' claims will be treated as raised in No. 22-CV-3221, the Clerk is respectfully directed to close case No. 23-CV-8121, without prejudice to the litigation of Plaintiff's claims in No. 22-CV-3221.

If Plaintiff does not wish to proceed with his litigation on the basis of the claims raised in what is now the Second Amended Complaint in No. 22 CV 3221, he may file a Third Amended Complaint in No. 22-CV-3221 **by November 17, 2023**. If he chooses to do so, Plaintiff must caption the document as his "Third Amended Complaint," and label the document with docket number 22-CV-3221 (LTS). An Amended Civil Rights Complaint form is attached to this order. If Plaintiff does not file a Third Amended Complaint by November 17, 2023, an amended summons will issue for the newly added defendant, Transportation Workers Union Local 100 ("TWU 100") in case 22-CV-3221, which Plaintiff must serve on TWU 100 in accordance with Rule 4 of the Federal Rules of Civil Procedure. The deadline for all Defendants other than TWU 100 to respond to the Second (or Third) Amended Complaint, is hereby set as 21 days after November 17, 2023, pursuant to Federal Rule of Civil Procedure 12(a). TWU 100 must respond to the Second (or Third) Amended Complaint in accordance with the pertinent provisions of the Federal Rules of Civil Procedure.

The remaining action, 22-CV-3221, will be referred to Magistrate Judge Aaron for general pretrial management. This Memorandum Order resolves docket entry no. 21 in No. 22-CV-3221-LTS-SDA (filed Apr. 20, 2022). The Clerk of Court is respectfully directed to file a copy of this Memorandum Order in each of the above-captioned cases, to close case No. 23-CV-8121, and to mail a copy of this order to the below address.

SO ORDERED.

Dated: New York, New York
      October 13, 2023

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed To:

Parnell D. Vaughn
2156 Cruger Avenue
Apt. 5M
Bronx, NY 10462